IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GRADY R. WILLIAMS, JR., | : |
| Plaintiff. | : |
| VS. | : |
| GEO GROUP and Warden FREDRICK HEAD, | :    NO. 5:15-CV-51-CAR-MSH |
| Defendants. | : |

## ORDER & RECOMMENDATION

Plaintiff GRADY R. WILLIAMS, JR., an inmate at Riverbend Correctional Facility ("RCF"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1) and a motion to proceed *in forma pauperis* ("IFP") (ECF No. 2). In compliance with this Court's prior Order (ECF No. 5), Plaintiff has submitted a copy of his trust fund account statement (ECF No. 6). As said statement reflects that Plaintiff has no spendable money in his account, the Court **GRANTS** Plaintiff's motion to proceed IFP and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff is nevertheless obligated to pay the Court's $350.00 filing fee, as is discussed below. The Clerk of Court is directed to send a copy of this Order to the business manager at Plaintiff's place of incarceration.

I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or

1

officer or employee of a governmental entity."  Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true.  *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation); s*ee also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. DISCUSSION

Plaintiff, a Rastafarian, who took a "Nazerite vow to maintain his facial hair," alleges that the Defendants required him to shave against his religious beliefs. According to Plaintiff, he keeps his facial hair at a reasonable length and groomed, and this practice does not pose a risk to prison security or hygiene. Alleging violations of his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, the First Amendment, the Due Process Clause, and the Equal Protection Clause, Plaintiff sues RCJ Warden Fredrick J. Head and the GEO Group,[1] a private corporation that operates RCJ for the Georgia Department of Corrections. Plaintiff seeks

---

[1] Plaintiff named "GEO Corrections and Detention" as a Defendant, and the undersigned has amended the caption of this case so as to show the correct name of this entity. The Clerk shall also amend the docket accordingly.

monetary damages and declaratory and injunctive relief.

*A. Dismissed Claims*

    1.   Equal Protection

Plaintiff has failed to allege a colorable equal protection claim. Plaintiff merely asserts that the Defendants "fail[ed] to provide Plaintiff with equal protection under the law, by [] making special rules without reason" (ECF No. 1, p. 8). To state a valid equal protection claim, a Plaintiff must allege that "(1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis." *Sweet v. Secretary, Dept. of Corrections*, 467 F.3d 1311, 1318-19 (11th Cir. 2006) (*citing Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001)). There is no suggestion in his complaint that Plaintiff was treated differently from other similarly situated inmates. Indeed, it appears that Plaintiff complains about treatment that is the same as all other inmates. It is therefore **RECOMMENDED** that Plaintiff's equal protection claim be **DISMISSED**.

    2.   Due Process

As to his due process claim, Plaintiff summarily alleges that "Defendants' actions created a[] liberty interest to the Plaintiff, in violation of the Due Process Clause." In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Supreme Court found that a prisoner can be deprived of his liberty so as to be entitled to due process under the Constitution in only two instances: (1) when the punishment "will inevitably affect the duration of his sentence"

or (2) if the punishment "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

Even if Plaintiff's allegations are construed liberally in his favor, he has not alleged a colorable due process claim. There is no suggestion that either of the *Sandin* requirements for the existence of a liberty interest is present in the instant case. Requiring Plaintiff to shave does not affect the length of his sentence nor does the shaving requirement impose atypical and significant hardship on Plaintiff in relation to the ordinary incidents of prison life. Accordingly, it is **RECOMMENDED** that Plaintiff's due process claim be **DISMISSED**.

    B. *Remaining Claims – First Amendment and RLUIPA*

The First Amendment of the United States Constitution prohibits prison officials from imposing a substantial burden on the free exercise of an inmate's "sincerely held" religious belief, unless their actions or restrictions are "reasonably related to legitimate penalogical interests." *O'Lone v. Estate of Shabazz*, 428 U.S. 342, 348-53 (1987). RLUIPA likewise "protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion." *Cutter v. Wilkinson*, 544 U.S. 709, 721 (2005); *see also Holt v. Hobbs*, 135 S.Ct. 853 (2015) (finding the denial of a religious accommodation under the Arkansas DOC's grooming policy violates RULIPA where the policy to not allow half inch beards for religious purposes did not further a compelling interest and was not the least restrictive means to prevent specified concerns).

5

There remain substantial issues of fact and law associated with Plaintiff's First Amendment and RLUIPA claims. Liberally construing Plaintiff's allegations in his favor, the undersigned finds that it is appropriate to allow said claims to go forward so that the Defendants may file responsive pleadings.[2]

## III. SUMMARY

After conducting a preliminary review of Plaintiff's complaint, the undersigned finds that it would be premature to dismiss Plaintiff's First Amendment and RLUIPA claims against the Defendants. It is therefore **ORDERED** that service be made on the GEO Group and Warden Fredrick Head, and that they file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are also reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

It is **RECOMMENDED**, however, that Plaintiff's equal protection and due process claims be **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof. The District Judge shall make a de novo determination as to those portions of the Recommendation to

---

[2] Although it is possible that Plaintiff failed to exhaust his administrative remedies prior to filing this action, the issue is not clear from the face of Plaintiff's complaint. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). The Defendants may raise the exhaustion issue in their responsive pleadings.

which objection is made; all other portions of the Recommendation may be reviewed by the District Judge for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the Court determines that discovery has been completed and

that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with

his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery:  except with written permission of the court first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each

party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred-twenty (120) days from when the discovery period begins, unless otherwise directed.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

In accordance with the Prison Litigation Reform Act, Plaintiff's custodian is hereby directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

**SO ORDERED AND RECOMMENDED**, this 25th day of March, 2015.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE